# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. BRUCE ANTHONY MYERS, Defendant. | No. CR05-3014-MWB **DETENTION ORDER** |

This matter came on for detention hearing on July 18, 2005. Assistant U.S. Attorney John Lammers appeared on behalf of the plaintiff (the "Government"). The defendant Bruce Anthony Myers appeared in person with his attorney, Assistant Federal Defender Robert Wichser. The Government offered the testimony of FBI Agent Steven T. Harker.

The court must determine whether any condition or combination of conditions will reasonably assure the defendant's appearance as required, as well as the safety of any other person and the community, in deciding whether to grant the Government's motion for detention. 18 U.S.C. § 3142(e). A defendant may be detained based on a showing of either dangerousness or risk of flight; it is not necessary to show both. *United States v. Fortna*, 769 F.2d 243 (5th Cir. 1985), *cert. denied*, 479 U.S. 950, 107 S. Ct. 436 (mem.), 93 L. Ed. 2d 385 (1986); *United States v. Garcia*, 801 F. Supp. 258, 260 (S.D. Iowa 1992).

The court is to presume that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community if the court finds there is probable cause to believe the defendant committed

an offense involving a minor victim under 18 U.S.C. § 2423.  *See* 18 U.S.C. § 3142(e). This presumption is subject to rebuttal by the defendant.  *Id.*  The probable cause element of section 3142(e) which triggers the rebuttable presumption of risk of flight and danger to the community may be established through evidence presented at the detention hearing of an offense which is subject to the rebuttable presumption.  *See United States v. Apker*, 964 F.2d 742, 744 (8th Cir. 1992); *United States v. Dorsey*, 852 F.2d 1068, 1069 (8th Cir. 1988).  A grand jury's indictment provides the probable cause required under 18 U.S.C. § 3142(e) to trigger the rebuttable presumption of risk of flight and danger to the community.  *See United States v. Garcia*, 801 F. Supp. 258 (S.D. Iowa 1992) (citations omitted).

In making the detention determination in this case, the court has considered the agent's testimony, the Pretrial Services Report, and two exhibits offered by the Government.  Gov't Ex. 1 is a handwritten statement by a former cellmate of the defendant's, indicating the defendant has made repeated attempts to contact the victim since his arrest.  Gov't Ex. 2 is the victim's deposition taken in the state court proceedings. All of this evidence, taken as a whole, indicates there is probable cause to believe the defendant committed a crime involving a minor victim, and further, that he is a danger to community.  The defendant's proffer that he has a place to live in Kentucky, and two job offers, is insufficient to rebut the presumption, and the court finds there are no conditions of release that will reasonably protect the community from further harm by the defendant if he is released.  Accordingly, the court finds the defendant should be detained.

Therefore, the court orders as follows:

1. Myers is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or

serving sentences or being held in custody pending appeal.

    2.    The Attorney General shall afford Myers reasonable opportunity for private consultation with counsel while detained.

    3.    On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Myers to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

    4.    If a "review" motion for revocation or amendment is filed, pursuant to 28 U.S.C. § 3145(a) or (b), the party requesting a change in the original order *must*:

        (a)    Attach a copy of the release/detention order to the appeal;

        (b)    Promptly secure a transcript.

    5.    There is *no automatic stay* of this Order. Therefore, Myers must request such relief from the court.

**IT IS SO ORDERED.**

**DATED** this 18th day of July, 2005.

PAUL A. ZOSS
MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT